NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMIZANY DEL ROSARIO ORDONEZ-MALDONADO, | No. 17-71795 |
| Petitioner, | Agency No. A095-738-760 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Tamizany Del Rosario Ordonez-Maldonado, a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

order denying her motion to reopen removal proceedings. We have jurisdiction

under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Ordonez-Maldonado's motion to reopen as untimely, where she filed the motion more than four years after her final administrative order of removal, and did not show equitable tolling of the filing deadline was warranted or that the motion was subject to any exceptions to the deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3) (subject to exceptions, a motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the petitioner exercises due diligence in discovering such circumstances); *Matter of M-S-*, 22 I. & N. Dec. 349, 356-57 (BIA 1998) (a motion to reopen seeking only to apply for relief unavailable to the movant at the time of the hearing is still subject to the regulatory requirements governing motions to reopen).

We reject Ordonez-Maldonado's contention that the BIA did not properly address her equitable tolling arguments or otherwise insufficiently announced its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision).

Ordonez-Maldonado's related due process contention therefore fails. *See Lata v.*

*INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice

to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**